LYONS, Judge.
The first objection to the decree is, that no deduction is made from the price of the goods; which, it is alledged, ought to have been done, as the plaintiff was imposed upon, and the goods were over-priced. But, both charges are expressly denied by the answer; which is supported by the report, and the acknowledgments of the plaintiff that the debt was just; against which, the plaintiff has nothing to oppose, except loose conversations, and. conjectures; which certainly cannot outweigh the united force of the defendant’s testimony.
The next objection is, that no allowance is made for the injury done the appellant, by Magee’s forbidding the sale of his estate;, which is certainly a novel idea: for, if there had been any ground for the supposed injury, when was it ever heard that the execution of a contract was to be suspended, until an issue relative to a tort could be tried, so that the damages might be opposed as a discount against the debt ? Upon this ground, the Court discover no error.
But, for another reason, they are of opinion, that the decree is erroneous; namely, that although there were several payments, and some misapplications of credits, and the order of reference to the Commissioner embraces all accounts between the parties, yet the Commissioner has only settled the accounts relative to the deed of trust; whereas he ought, agreeably to the order of reference, to have settled all accounts between them, so that the-injunction might have been dissolved, as to the true balance only. Upon this ground, therefore, the decree is to be reversed, and a direction given that a settlement of all their accounts should be made by the Commissioner.
The decree was as follows:
"This day came as well the appellant as the appellee, John Magee, by their counsel, and on consideration of the transcript of the record of the said decree, and the arguments of the counsel, aforesaid; it appealing by the report of the Master Commissioner made in this cause, that payments had been made by . the appellant to the appellee, John Magee, towards discharging the debt due to the said appellee; for the securing whereof, the deed of trust in the proceedings mentioned, was made to the other appellees, *437 Thomas Hatton and Micqfah Crew; and it also appearing by the receipts and other evidence in the cause, that further and other payments had been made to the appellee, John Magee, which are not credited in the account so stated by the Master Commissioner: This Court is of opinion, that all accounts between the parties shall be fully stated and settled by the Master Commissioner before a final decree: That then the injunction should be dissolved for the balance only, that shall appear on such settlement to be due to the appellee, Magee, from the appellant, with interest until paid, and the injunction to be made perpetual, as to the residue; and that the costs in the Court of Chancery be borne equally by the parties, Harris and Ma-gee. Therefore, it is decreed and ordered, that the decree aforesaid be reversed and annulled, and that the appellee, John Magee, pay to the appellant his costs by him expended, in the prosecution of his appeal aforesaid here.’